JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Darlene Hughes indiv. and CM (minor)

**DEFENDANTS**
Greater Philadelphia Health Action et al.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James McEldrew, Esq.
123 South Broad St. #2250  Phiadelhia PA 19109
215-545-8800

Attorneys *(If Known)*
Veronica Finkelstein AUSA  /  Scortt Reid, AUSA
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | |
| | | | ☐ 465 Other Immigration Actions | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 233  28 U.S.C. § 1346
Brief description of cause:
Removal from State Court - plaintiff filed Complaint in Philadelphia Court of Common Pleas

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE   08/12/2016

SIGNATURE OF ATTORNEY OF RECORD   *veronica* 7

Veronica Finkelstein, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Darlene Hughes Indiv./CM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Greater Philadelphia Health Action et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( x)


| 08/12/2016 | *Veronica f* | United States of America |
|---|---|---|
| | Veronica Finkelstein, AUSA | |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-861-8598 | 215-861-8618 | veronica.finkelstein@usdoj.gov |
| | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:_____

Address of Defendant:____U.S. Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106____

Place of Accident, Incident or Transaction:____Medical malpractice alleged to have occurred in Philadelphia, PA____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☑

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) ____Medical malpractice, Federal Tort Claims Act____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Veronica J. Finkelstein _____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:____08/12/2016____  ____Veronica J. Finkelstein____  ____93927____

Attorney-at-Law                                                    Attorney I.D.#

NOTE: Use reverse side to make a true statement if there exists any related case with this CAPTION.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____08/12/2016_____        _Veronica +_____        _____93927_____
                                       Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DARLENE HUGHES, individually and    :
as p/n/g of C.M. , a minor          :
                                :
                                    :       CIVIL ACTION NO.
        Plaintiffs,             :
                                    :
    vs.                             :
                                    :
GREATER PHILADELPHIA HEALTH         :
ACTION, INC. a/k/a, t/a and/or d/b/a :
WOODLAND AVENUE HEALTH             :
CENTER                              :
5501 Woodland Avenue            :
Philadelphia, PA 19143              :
                                    :
and                                 :
                                    :
CHINEDUM UDENZE-UTAH, M.D.          :
5501 Woodland Avenue                :
Philadelphia, PA 19143              :
                                    :
and                                 :
                                    :
ANNIE KOTTO, M.D.                   :
5501 Woodland Avenue                :
Philadelphia, PA 19143              :
        Defendants. :

## NOTICE OF REMOVAL

Pursuant to 42 U.S.C § 223(c), defendant United States of America, on behalf of

defendants Greater Philadelphia Health Action, Inc., Chinedum Udenze-Utah, M.D. and

Annie Kotto, M.D., hereby removes this action to the United States District Court for the

Eastern District of Pennsylvania and represents the following in support thereof:

    1.      On or about August 12, 2016, the United States Attorney's Office received a

copy of the plaintiff's complaint that had been filed in the Court of Common Pleas, Philadelphia County, Pennsylvania. A true and correct copy of the Complaint, which the United States believes to be the operative complaint, is attached hereto as Exhibit A.

2. The complaint names as defendants, Greater Philadelphia Health Action, Inc., Chinedum Udenze-Utah, M.D. and Annie Kotto, M.D.

3. By operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c), all three of the defendants are deemed to be federal employees of the United States for purposes of the acts or omissions giving rise to this civil action. A true and correct copy of the Notice of Determination is attached hereto as Exhibit B.

4. The Federal Tort Claims Act is the exclusive remedy for any tort action arising from the negligent or wrongful act or omission of an employee (or deemed employee) of the United States acting within the scope of his or her employment. The United States District Courts have exclusive jurisdiction over claims under the FTCA. 28 U.S.C. § 1346(b).

5. Therefore, this civil action must be removed to Federal District Court.

6. Pursuant to 42 U.S.C § 223(c), any civil action or proceeding commenced in a State court shall be removed without bond at any time before trial to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States.

7. Removal is timely pursuant to 42 U.S.C § 223(c).

8. No bond is required to accompany this notice as it is being filed on behalf of the United States. 28 U.S.C. § 233(c).

9.      A certified copy of this Notice is being filed with the Prothonotary of the Court of

Common Pleas, Philadelphia County, Pennsylvania and is being sent to all parties pursuant to 28

U.S.C. § 1446(d).

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

VERONICA J. FINKELSTEIN
SCOTT W. REID
Assistant United States Attorneys
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8598/8358
Fax: (215) 861-8618
Veronica.finkelstein@usdoj.gov
Scott.Reid@usdoj.gov

Dated: 8/12/16

## CERTIFICATE OF SERVICE

I hereby certify that on this        day of August, 2016, I served a true and correct copy of

the foregoing Notice of Removal, with exhibits, by Certified Mail on the following person

addressed as follows:


Thomas A. Dinan, Esquire
123 S. Broad Street, Suite 1920
Philadelphia, PA 19109



*Veronica J.*
_____
VERONICA J. FINKELSTEIN
SCOTT W. REID
Assistant United States Attorneys

Dated: 8/12/16

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2016**

E-Filing Number: 1604062729

**003058**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>C.M. | **DEFENDANT'S NAME**<br>GREATER PHILADELPHIA HEALTH ACTION, INC.,<br>ALIAS: WOODLAND AVENUE HEALTH CENTER |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>5501 WOODLAND AVENUE<br>PHILADELPHIA PA 19143 |
| **PLAINTIFF'S NAME**<br>DARLENE HUGHES | **DEFENDANT'S NAME**<br>CHINEDUM UDENZE-UTAH MD |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>5501 WOODLAND AVENUE<br>PHILADELPHIA PA 19143 |
| **PLAINTIFF'S NAME**<br>DARLENE HUGHES | **DEFENDANT'S NAME**<br>ANNIE KOTTO MD |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>5501 WOODLAND AVENUE<br>PHILADELPHIA PA 19143 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 3 | 3 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2M - MALPRACTICE - MEDICAL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>APR 27 2016<br>**E. MASCUILLI** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES       NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CANDACE MINOR , DARLENE HUGHES ,</u>
<u>DARLENE HUGHES</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>THOMAS A. DINAN | ADDRESS<br>123 S. BROAD STREET<br>SUITE 1920<br>PHILADELPHIA PA 19109 |
|---|---|
| PHONE NUMBER<br>(215) 545-8800 | FAX NUMBER<br>(215) 545-8805 | |
| SUPREME COURT IDENTIFICATION NO.<br>91344 | E-MAIL ADDRESS<br>tdinan@mceldrewlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>THOMAS DINAN | DATE SUBMITTED<br>Wednesday, April 27, 2016, 12:40 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**McELDREW YOUNG**
James J. McEldrew, III, Esquire
Atty ID #: 36411
Thomas A. Dinan, Esquire
Atty ID #: 91344
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com
tdinan@mceldrewyoung.com

*THIS IS A MAJOR JURY MATTER*

Filed and Attested by the
Office of Judicial Records
27 APR 2016 12:40 pm
E. PRZYBYLOWSKI

Attorneys for Plaintiffs

DARLENE HUGHES, individually and as
p/n/g of ████████████████ a minor

████████████████████████
                                    Plaintiffs,

           vs.

GREATER PHILADELPHIA HEALTH
ACTION, INC. a/k/a, t/a and/or d/b/a
WOODLAND AVENUE HEALTH
CENTER
5501 Woodland Avenue
Philadelphia, PA 19143

and

CHINEDUM UDENZE-UTAH, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143

and

ANNIE KOTTO, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143

                    Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

APRIL TERM, 2016

NO.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comprencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya |

1

furthis notice for any money claimed in the complaint of for any othis claim or relief requested by the plaintiff. You may have money or property or othis rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out whise you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

2

Case ID: 160403058

McELDREW YOUNG                                THIS IS A MAJOR JURY MATTER
James J. McEldrew, III, Esquire
Atty ID #: 36411
Thomas A. Dinan, Esquire
Atty ID #: 91344
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com
tdinan@mceldrewyoung.com                      Attorneys for Plaintiffs

DARLENE HUGHES, individually and as           IN THE COURT OF COMMON PLEAS
p/n/g of ▮▮▮▮▮▮▮▮▮▮, a minor                   PHILADELPHIA COUNTY
▮▮▮▮▮▮▮▮▮▮▮▮
                                              APRIL TERM, 2016
                                 Plaintiffs,
                  vs.                         NO.

GREATER PHILADELPHIA HEALTH
ACTION, INC. a/k/a, t/a and/or d/b/a
WOODLAND AVENUE HEALTH
CENTER
5501 Woodland Avenue
Philadelphia, PA 19143

and

CHINEDUM UDENZE-UTAH, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143

and

ANNIE KOTTO, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143
                                  Defendants.

## PLAINTIFFS' CIVIL ACTION COMPLAINT

1.     Plaintiff, Darlene Hughes, is an adult individual who resides at ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3

2.      Plaintiff, ▮▮▮▮▮ who is a minor with a date of birth of ▮▮▮▮▮▮▮ is a citizen of the Commonwealth of Pennsylvania who resides with her mother, Plaintiff, Darlene Hughes at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3.      Defendant, Greater Philadelphia Health Action, Inc. a/k/a, t/a and/or d/b/a Woodland Avenue Health Center (GPHA), is a corporation and/or other business entity which, at all relevant times, maintained offices and/or a place of business at 5501 Woodland Avenue, Philadelphia, PA 19143 that provided, by and through its employees, agents, servants and/or ostensible agents, medical care, at times material, to Plaintiff at the aforementioned location. Plaintiff is asserting a professional liability claim against this Defendant.

4.      At all times material, Defendant, Greater Philadelphia Health Action, Inc. a/k/a, t/a and/or d/b/a Woodland Avenue Health Center acted through its employees, agents, servants and/or ostensible agents, medical care, at times material, to Plaintiff at the aforementioned location and are vicariously liable for the negligent acts and/or omissions of said agents while acting within the course and scope of their employment.

5.      Defendant, Chinedum Udenze-Utah, M.D., is a physician, who upon information and belief was licensed to practice medicine in the Commonwealth of Pennsylvania, having a regular place of business, at all times material, at 5501 Woodland Avenue, Philadelphia, PA 19143 and who held herself out as a specialist in the field of Pediatrics. Plaintiff is asserting a professional liability claim against this Defendant.

6.      Defendant, Annie Kotto, M.D., is a physician, who upon information and belief was licensed to practice medicine in the Commonwealth of Pennsylvania, having a regular place of business, at all times material, at 5501 Woodland Avenue, Philadelphia, PA 19143 and who held herself out as a specialist in the field of Pediatrics. Plaintiff is asserting a professional liability claim against this Defendant.

7.      At times material, Defendant, Chinedum Udenze-Utah, M.D was the employee, servant, agent and/or ostensible agent of Defendant, Greater Philadelphia Health Action, Inc. a/k/a, t/a and/or d/b/a Woodland Avenue Health Center.

8.      At times material, Defendant, Annie Kotto, M.D was the employee, servant, agent and/or ostensible agent of Defendant, Greater Philadelphia Health Action, Inc. a/k/a, t/a and/or

4

d/b/a Woodland Avenue Health Center.

9.  At all times material, Plaintiff was a patient of the Defendants, at the aforementioned location, in Philadelphia County, and accordingly venue is proper in Philadelphia County.

10.  At all times material, Plaintiff was provided medical care, by Defendants, at the aforementioned location, in Philadelphia County, and accordingly venue is proper in Philadelphia County.

11.  At all times material, Plaintiff was provided medical care, by Defendants, at the aforementioned location as part of her routine medical care as well visits were performed at the 5501 Woodland Avenue, Philadelphia, PA 19143 location.

12.  At all times material, Defendants owed the minor Plaintiff a medical and/or legal duty to refrain from engaging in medical care that increased the risk of harm to the minor Plaintiff.

13.  At all times material, Defendants knew or should have known that Candace Minor, who is a minor with a date of birth of ████ C/M ████ should be protected from preventable harm.

14.  At all times material, Defendants knew or should have known that when exercising medical judgment, a healthcare provider must always choose the safest path for the patient.

15.  At all times material, Defendants knew or should have known that when exercising medical judgment, a patient should not be needlessly exposed to a continuing threat to her personal wellbeing.

16.  ████████, who is a minor with a date of birth of ████████ is the biological child of Phillip Mack and Darlene Hughes.

17.  ████████ a minor, became a patient of Greater Philadelphia Health Action, Inc. a/k/a, t/a and/ or d/b/a Woodland Avenue Health Center in September of 2000 and was seen for routine well visits.

18.  In approximately March 2007, ████ C.M. ████ s biological parents became separated and lived in different residences.

5

19.    At or about that time, [REDACTED] C.M. a minor, was residing with her mother as her primary caregiver.

20.    [REDACTED] C.M., a minor, would spend weekends with her biological father Phillip Mack.

21.    On March 2, 2011, at the age of [REDACTED] C.M., a minor, presented to the GPHA center and was seen by Dr. Chinedum Udenze-Utah.

22.    On March 2, 2011, [REDACTED] C.M.'s mother reported that she was concerned that [REDACTED] C.M. was being sexually abused by her father while visiting him on weekends.

23.    Despite being placed on actual and/or constructive notice of [REDACTED] C.M., a minor, being sexually abused, Dr. Chinedum Udenze-Utah performed no further investigation into the allegations, failed to report the allegations to the proper City and/or State authorities, failed to perform a rape kit, failed to send [REDACTED] C.M. a minor, to the appropriate sexual assault professionals for investigation and failed to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63.

24.    On March 2, 2011, Dr. Chinedum Udenze-Utah failed to generate and implement a course of medical treatment to rule out that [REDACTED] C.M. a minor, was a victim of sexual abuse at the hands of her biological father.

25.    On March 2, 2011, Dr. Chinedum Udenze-Utah assured [REDACTED] C.M.'s mother that there was no evidence of sexual abuse.

26.    On April 7, 2011, [REDACTED] C.M. presented to the GPHA center and was seen by Dr. Annie Kotto.

27.    On April 7, 2011, [REDACTED] C.M., a minor, was complaining of vaginal itch and discharge. Further, it was reported that [REDACTED] C.M. was waking up in the middle of the night complaining of vaginal itch, vaginal discharge and burning on urination.

28.    On the April, 7, 2011 visit, Dr. Annie Kotto was on actual notice of the allegations of sexual abuse as it was reported at the March 2, 2011 visit and contained in [REDACTED] C.M.'s chart yet these entries, in [REDACTED] C.M.'s chart, were not correlated by Dr. Annie Kotto to ascertain whether [REDACTED] C.M. a minor, was being sexually abused.

29.    Despite being placed on actual and/or constructive notice of Candace Minor, a minor, being sexually abused, Dr. Annie Kotto performed no further investigation into the

6

Case ID: 160403058

allegations, failed to report the allegations to the proper City and/or State authorities, failed to perform a rape kit, failed to send ████ C.M. ████, a minor to the appropriate sexual assault professionals for investigation and failed to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63.

30.     On the April, 7, 2011 visit, Dr. Annie Kotto assured ████ C.M. ████'s mother that there was no evidence of sexual abuse.

31.     On both March 2, 2011 and April 7, 2011, Defendants failed to generate and implement a course of medical treatment to rule out that ████ C.M. ████ was a victim of sexual abuse at the hands of her biological father, failed to perform a rape kit and/or send ████ C.M. ████ a minor, to appropriate sexual assault professionals

32.     On both March 2, 2011 and April 7, 2011, Plaintiff, Darlene Hughes relied upon Defendants to protect her child, Plaintiff, ████ C.M. ████ a minor, and take proper action to safeguard ████ C.M. ████

33.     On both March 2, 2011 and April 7, 2011, due to Defendants' assurances that ████ C.M. ████ complaints of vaginal itching and/or burning and vaginal discharge were not caused by sexual assault, ████ C.M. ████ mother, Darlene Hughes continued to allow her daughter to visit with her biological father, Phillip Mack.

34.     On October 15, 2012, ████ C.M. ████ a minor reported to her mother, that she was being molested by her biological father, Phillip Mack and was taken to The Children's Hospital of Philadelphia for evaluation and treatment for sexual assault.

35.     Medical providers at The Children's Hospital of Philadelphia generated a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63.

36.     Phillip Mack was arrested on November 28, 2012 for suspected sexual assault/child molestation of Candace Minor, a minor.

37.     On December 15, 2014, Phillip Mack pled nolo contendre to 1st Degree Felony rape of a child 8-16 years old and was sentenced to the Commonwealth of Pennsylvania Department of Corrections for 15 years.

38.     On March 25, 2013, ████ C.M. ████, then ████ C.M. ████ was admitted to Fairmount Behavioral Health with Post Traumatic Stress Disorder with suicidal ideation, severe

depression, flashbacks of the repeated assaults and anxiety. ▮▮C.M.▮▮ was kept for inpatient observation until April 5, 2013.

39.    On May 24, 2014, ▮▮C.M.▮▮ then ▮▮C.M.▮▮ was admitted to Belmont Behavioral Health with Post Traumatic Stress Disorder with suicidal ideation, severe depression, flashbacks of the repeated assaults and anxiety. Candace Minor was kept for inpatient observation until June 3, 2014.

40.    ▮▮C.M.▮▮ is currently undergoing psychological treatment and is medicating with various anti-anxiety and/or anti-depressant medications.

### COUNT I - NEGLIGENCE
### PLAINTIFFS v. CHINEDUM UDENZE-UTAH, M.D.

41.    Plaintiffs repeat each and every allegation of all preceding paragraphs with the same force and effect as if set forth here at length.

42.    At all times material, Defendant, Dr. Chinedum Udenze-Utah had a duty to care for and treat ▮▮C.M.▮▮ a minor, in accordance with acceptable standards of medical care and treatment.

43.    At all times material, Defendant Dr. Chinedum Udenze-Utah acting individually and/or as agents of each other, deviated from accepted standards of care in the assessment and treatment of ▮▮C.M.▮▮ a minor and were negligent by:

    a.    failing to properly assess ▮▮C.M.▮▮ a minor;

    b.    failing to properly diagnose ▮▮C.M.▮▮ a minor;

    c.    failing to take proper steps to ensure ▮▮C.M.▮▮ a minor's safety;

    d.    failing to recommend an appropriate course of treatment for ▮▮C.M.▮▮ a minor;

    e.    failing to perform further investigation into the allegations of sexual abuse;

    f.    failing to report the allegations to the proper City and/or State authorities;

    g.    failing to perform a rape kit on ▮▮C.M.▮▮ a minor;

    h.    failing to refer ▮▮C.M.▮▮ a minor, a sexual assault counselor for investigation;

Case ID: 160403058

    i.     failing to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63;

    j.     failing to order that ▮▮▮ C.M. ▮▮▮ a minor shall not have unsupervised contact with her father after the abuse was reported; and

    k.    negligently assuring ▮▮▮ C.M. ▮▮▮ a minor's mother that there was no evidence of sexual abuse.

44.    As a direct and proximate result of Defendant, Chinedum Udenze-Utah, M.D.'s aforementioned conduct, Plaintiff continued to suffered severe, painful and/or permanent bodily injuries, including but not limited to repeated sexual assault until the abuse was reported on October 15, 2012, Post-Traumatic Stress Disorder with suicidal ideation, severe depression, flashbacks of the repeated assaults and anxiety.

45.    As a direct and proximate result of Defendant, Chinedum Udenze-Utah, M.D.'s aforementioned conduct, ▮▮▮ C.M. ▮▮▮ a minor is forced to incur medical expenses and these expenses will accrue in the further.

46.    As a direct and proximate result of Defendant, Chinedum Udenze-Utah, M.D.'s aforementioned conduct, Candace Minor will experience a loss of future earning capacity.

47.    As a direct and proximate result of Defendant, Chinedum Udenze-Utah, M.D.'s aforementioned conduct, ▮▮▮ C.M. ▮▮▮ has suffered significant physical and mental pain and suffering, anguish, inconvenience, loss of life's pleasures, has been admitted for inpatient, emergent psychological treatment and will continue to suffer into the future.

**WHEREFORE,** Plaintiffs demand judgment in their favor against Defendants, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, plus such further relief as this Honorable Court deems just including, but not limited to, delay damages pursuant to Pa. R.C.P. 238.

## COUNT II - NEGLIGENCE
### PLAINTIFFS v. ANNIE KOTTO, M.D.

48.    Plaintiffs repeat each and every allegation of all preceding paragraphs with the same force and effect as if set forth here at length.

9

Case ID: 160403058

49.     At all times material, Defendant Dr. Annie Kotto had a duty to care for and treat ████ in accordance with acceptable standards of medical care and treatment.

50.     At all times material, Defendant Dr. Annie Kotto acting individually and/or as agents of each other, deviated from accepted standards of care in the assessment and treatment of ████ a minor and were negligent by:

    a.     failing to properly assess ████ a minor;

    b.     failing to properly diagnose ████, a minor;

    c.     failing to take proper steps to ensure ████ a minor's safety;

    d.     failing to recommend an appropriate course of treatment for ████ a minor;

    e.     failing to perform further investigation into the allegations of sexual abuse;

    f.     failing to report the allegations to the proper City and/or State authorities;

    g.     failing to perform a rape kit on ████ a minor;

    h.     failing to refer ████ a minor to a sexual assault counselor for investigation;

    i.     failing to review ████, a minor's chart for reports of suspected sexual abuse; and

    j.     failing to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63.

    k.     failing to order that ████, a minor shall not have unsupervised contact with her father after the abuse was reported;

    l.     negligently assuring ████ mother that there was no evidence of sexual abuse;

    m.     failing to properly reviewing ████ a minor's chart; and

    n.     failing to properly correlate the allegations of sexual abuse, from the March 2, 2011 visit, on April, 7, 2011.

51.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, Plaintiff continued to suffered severe, painful and/or permanent bodily injuries,

10

Case ID: 160403058

including but not limited to repeated sexual assault until the abuse was reported on October 15, 2012, Post-Traumatic Stress Disorder with suicidal ideation, severe depression, flashbacks of the repeated assaults and anxiety.

52.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, ████████ a minor is forced to incur medical expenses and these expenses will accrue in the further.

53.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, Candace Minor, a minor will experience a loss of future earning capacity.

54.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, ████████ a minor has suffered significant physical and mental pain and suffering, anguish, inconvenience, loss of life's pleasures, has been admitted for inpatient, emergent psychological treatment and will continue to suffer into the future.

**WHEREFORE,** Plaintiffs demand judgment in their favor against Defendants, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, plus such further relief as this Honorable Court deems just including, but not limited to, delay damages pursuant to Pa. R.C.P. 238.

## COUNT III - NEGLIGENCE
## PLAINTIFFS v. GREATER PHILADELPHIA HEALTH ACTION, INC. a/k/a, t/a and/or d/b/a WOODLAND AVENUE HEALTH CENTER

55.     Plaintiffs repeat each and every allegation of all preceding paragraphs with the same force and effect as if set forth here at length.

56.     At all times material, Defendant, Greater Philadelphia Health Action, Inc. a/k/a, t/a and/or d/b/a Woodland Avenue Health Center acted through its employees, agents, servants and/or ostensible agents, medical care, at times material, to Plaintiff at the aforementioned location and are vicariously liable for the negligent acts and/or omissions of said agents while acting within the course and scope of their employment.

57.     At all times material, the agents, servants, employees and/or ostensible agents of Defendant GPHA were acting within the course and scope of their employment in the assessment, care and treatment of ████████ a minor.

11

Case ID: 160403058

58.     At all times material, Defendant, Greater Philadelphia Health Action, Inc. a/k/a, t/a and/or d/b/a Woodland Avenue Health Center deviated from the acceptable standard of care in the treatment of ███████ a minor and were negligent by:

a.      failing to properly assess ███████ a minor;

b.      failing to properly diagnose ███████ a minor;

c.      failing to take proper steps to ensure ███████, a minor's safety;

d.      failing to recommend an appropriate course of treatment for ███████ a minor;

e.      failing to perform further investigation into the allegations of sexual abuse;

f.      failing to report the allegations to the proper City and/or State authorities;

g.      failing to perform a rape kit on ███████ a minor;

h.      failing to refer ███████ a minor, a sexual assault counselor for investigation;

i.      failing to review ███████ a minor's chart for reports of suspected sexual abuse;

j.      failing to file a formal report of suspected child abuse pursuant to Pennsylvania's Child Protective Service Law –Title 23 P.A. C.S.A Chapter 63;

k.      failing to order that ███████, a minor shall not have unsupervised contact with her father after the abuse was reported;

l.      negligently assuring ███████ mother that there was no evidence of sexual abuse;

m.      failing to properly reviewing ███████ chart; and

n.      failing to properly correlate the allegations of sexual abuse, from the March 2, 2011 visit, on April, 7, 2011.

59.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, Plaintiff continued to suffered severe, painful and/or permanent bodily injuries, including but not limited to repeated sexual assault until the abuse was reported on October 15, 2012, Post-Traumatic Stress Disorder with suicidal ideation, severe depression, flashbacks of the

12

repeated assaults and anxiety.

    60.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, [C.M.] a minor forced to incur medical expenses and these expenses will accrue in the further.

    61.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, [C.M.] a minor will experience a loss of future earning capacity.

    62.     As a direct and proximate result of Defendant, Dr. Annie Kotto's aforementioned conduct, [C.M.], a minor has suffered significant physical and mental pain and suffering, anguish, inconvenience, loss of life's pleasures, has been admitted for inpatient, emergent psychological treatment and will continue to suffer into the future.

    **WHEREFORE,** Plaintiffs demand judgment in their favor against Defendants, jointly and severally, for compensatory damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) exclusive of interest and costs, plus such further relief as this Honorable Court deems just including, but not limited to, delay damages pursuant to Pa. R.C.P. 238.

                            **McELDREW YOUNG**

By:          _____

                  JAMES J. MCELDREW, III, ESQUIRE
                  THOMAS A. DINAN, ESQUIRE
                  Attorney for Plaintiffs

Date: 4|26|16

13

## VERIFICATION

I, Darlene Hughes, individually and as p/n/g of [C.M.] a minor, hereby verify that I am the Plaintiff in this action. I have read the foregoing Civil Action Complaint and the statements made therein are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_Darlene Hughes_
DARLENE HUGHES, individually and as
p/n/g of [C.M.] a minor

Dated: 4/26/16

14

Case ID: 160403058

**McELDREW YOUNG**                              *THIS IS A MAJOR JURY MATTER*
James J. McEldrew, III, Esquire
Atty ID #: 36411
Thomas A. Dinan, Esquire
Atty ID #: 91344
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com
tdinan@mceldrewyoung.com                        Attorneys for Plaintiffs
DARLENE HUGHES, individually and as     IN THE COURT OF COMMON PLEAS
p/n/g of ████ C.M. ████ a minor         PHILADELPHIA COUNTY

                                                APRIL TERM, 2016
                            Plaintiffs,
            vs.                                 NO.

GREATER PHILADELPHIA HEALTH
ACTION, INC. a/k/a, t/a and/or d/b/a
WOODLAND AVENUE HEALTH
CENTER
5501 Woodland Avenue
Philadelphia, PA 19143

and

CHINEDUM UDENZE-UTAH, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143

and

ANNIE KOTTO, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143
                            Defendants.

CERTIFICATE OF MERIT AS TO DEFENDANT, GREATER PHILADELPHIA HEALTH
ACTION, INC. a/k/a, t/a and/or d/b/a WOODLAND AVENUE HEALTH CENTER

I, James J. McEldrew, III, Esquire and Thomas A. Dinan, Esquire, certify that:

☑ An appropriate licensed professional had supplied a written statement to the undersigned
that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by
this defendant in the treatment, practice or work that is the subject of the complaint, fell

Case ID: 160403058

outside acceptable standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

AND

☑ The claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

OR

☐ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.


                                    McELDREW YOUNG

                            By:    /s/ Thomas A. Dinan

                                    _____
                                    JAMES J. McELDREW, III, ESQUIRE
                                    THOMAS A. DINAN, ESQUIRE
                                    Attorneys for Plaintiffs

Dated: April 26, 2016

**McELDREW YOUNG**                                    *THIS IS A MAJOR JURY MATTER*
James J. McEldrew, III, Esquire
Atty ID #: 36411
Thomas A. Dinan, Esquire                             Filed and Attested by the
Atty ID #: 91344                                     Office of Judicial Records
123 South Broad Street, Suite 2250                   27 APR 2016 03:11 pm
Philadelphia, PA 19109                               E. MAGNITOLA
(215) 545-8800
www.mceldrewyoung.com
jdinan@mceldrewyoung.com                             Attorneys for Plaintiffs

DARLENE HUGHES, individually and as                  IN THE COURT OF COMMON PLEAS
p/n/g of ████ C.M. ████ a minor                      PHILADELPHIA COUNTY

████████████████████                                 APRIL TERM, 2016
████████████████████
                          Plaintiffs,                NO.

                vs.

GREATER PHILADELPHIA HEALTH
ACTION, INC. a/k/a, t/a and/or d/b/a
WOODLAND AVENUE HEALTH
CENTER
5501 Woodland Avenue
Philadelphia, PA 19143

           and

CHINEDUM UDENZE-UTAH, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143

           and

ANNIE KOTTO, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143
                          Defendants.

---

**CERTIFICATE OF MERIT AS TO DEFENDANT, CHINEDUM UDENZE-UTAH, M.D.**

I, James J. McEldrew, III, Esquire and Thomas A. Dinan, Esquire, certify that;

☑ An appropriate licensed professional had supplied a written statement to the undersigned
that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by
this defendant in the treatment, practice or work that is the subject of the complaint, fell
outside acceptable standards and that such conduct was a factual cause and/or increased
the risk of harm sustained by the plaintiffs;

Case ID: 160403058

AND

☑ The claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

OR

☐ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.


McELDREW YOUNG

By:    /s/ Thomas A. Dinan

JAMES J. McELDREW, III, ESQUIRE
THOMAS A. DINAN, ESQUIRE
Attorneys for Plaintiffs

Dated: April 26, 2016

Case ID: 160403058

**McELDREW YOUNG**
James J. McEldrew, III, Esquire
Atty ID #: 36411
Thomas A. Dinan, Esquire
Atty ID #: 91344
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jim@mceldrewyoung.com
tdinan@mceldrewyoung.com

*THIS IS A MAJOR JURY MATTER*

Attorneys for Plaintiffs

DARLENE HUGHES, individually and as
p/n/g of ▮▮▮ C.M. ▮▮▮ a minor

                                    Plaintiffs,

            vs.

GREATER PHILADELPHIA HEALTH
ACTION, INC. a/k/a, t/a and/or d/b/a
WOODLAND AVENUE HEALTH
CENTER
5501 Woodland Avenue
Philadelphia, PA 19143

and

CHINEDUM UDENZE-UTAH, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143

and

ANNIE KOTTO, M.D.
5501 Woodland Avenue
Philadelphia, PA 19143

                        Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

APRIL TERM, 2016

NO.

---

### CERTIFICATE OF MERIT AS TO DEFENDANT, ANNIE KOTTO, M.D.

I, James J. McEldrew, III, Esquire and Thomas A. Dinan, Esquire, certify that:

☑ An appropriate licensed professional had supplied a written statement to the undersigned
that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by
this defendant in the treatment, practice or work that is the subject of the complaint, fell
outside acceptable standards and that such conduct was a factual cause and/or increased
the risk of harm sustained by the plaintiffs;

Case ID: 160403058

AND

☑ The claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a factual cause and/or increased the risk of harm sustained by the plaintiffs;

OR

☐ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against the defendant.

McELDREW YOUNG

By:   /s/ Thomas A. Dinan

---

JAMES J. McELDREW, III, ESQUIRE
THOMAS A. DINAN, ESQUIRE
Attorneys for Plaintiffs

Dated: April 26, 2016

Case ID: 160403058

# EXHIBIT B

## IN THE COURT OF COMMON PLEAS
## COUNTY OF PHILADELPHIA COUNTY, PENNSYLVANIA

DARLENE HUGHES, individually and   :
as p/n/g of C.M. , a minor   :
938 E. Phil Elena Street, Apt. B   :
Philadelphia, PA 19150   :
  :
  :   APRIL TERM, 2016
     Plaintiffs,   :   No. 003058
  :
    vs.   :
  :
GREATER PHIALDELPHIA HEALTH   :
ACTION, INC. a/k/a, t/a and/or d/b/a   :
WOODLAND AVENUE HEALTH   :
CENTER   :
5501 Woodland Avenue   :
Philadelphia, PA 19143   :
  :
and   :
  :
CHINEDUM UDENZE-UTAH, M.D.   :
5501 Woodland Avenue   :
Philadelphia, PA 19143   :
  :
and   :
  :
ANNIE KOTTO, M.D.   :
5501 Woodland Avenue   :
Philadelphia, PA 19143   :
      Defendants.   :

## NOTICE OF DETERMINATION THAT CERTAIN DEFENDANTS ARE
## DEEMED TO BE EMPLOYEES OF THE
## PUBLIC HEALTH SERVICE

TO:   Office of Judicial Records
   First Judicial District of Pennsylvania
   Room 296 City Hall
   Philadelphia, PA   19107

   PLEASE TAKE NOTICE THAT, pursuant to 42 U.S.C. § 233(l)(1), the Attorney

General of the United States, by and through his designee, Zane David Memeger, United States

Attorney for the Eastern District of Pennsylvania, has determined that defendants Dr.

Chinedum Udenze-Utah, and Dr. Annie Kotto, are deemed to be employees of the Public

Health Service with respect to the actions or omissions that are the subject of the above

captioned action.[1]

Respectfully submitted,

Dated: 8/12/16

*Zane David Memeger/jpc*

ZANE DAVID MEMEGER
United States Attorney

---

[1] Dr. Udenze-Utah and Dr. Kotto were employed by Greater Philadelphia Health Action, Inc. ("GPHA") at all times relevant to the allegations in the complaint.   GPHA is a federal funded health center.   Its employees, acting in the scope of their federally funded employment, are deemed to be covered by the Federal Tort Claims Act.

2